

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00010-CR

---

TIMOTHY GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1341, Honorable John J. "Trey" McClendon III, Presiding

---

June 9, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and PRATT, JJ.

Following an open plea of guilty to allegations of intoxication manslaughter, Appellant was found guilty and sentenced to eighteen years' confinement. His appointed counsel on appeal subsequently filed a motion to withdraw supported by an *Anders* brief.[1] Having found an arguable issue, we grant counsel's motion to withdraw and remand the cause to the trial court for appointment of new appellate counsel.

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

ANALYSIS

In *Anders* practice, an issue is frivolous or lacking merit when it has no basis in law or fact and "cannot conceivably persuade the court." *Davis v. State*, 683 S.W.3d 828, 830 (Tex. App.—Amarillo 2023, order). An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Bowen v. State*, No. 05-21-00845-CR, 2023 Tex. App. LEXIS 7249, at *1 n.2 (Tex. App.—Dallas Sep. 15, 2023, no pet.) (op. on reh'g) (citing *Anders*, 386 U.S. at 744).

In counsel's brief in support of his motion to withdraw, he points to the trial court's oral pronouncement of guilt in open court following the trial on punishment. Appellant was charged with intoxication manslaughter and pleaded guilty to same. The trial court accepted Appellant's guilty plea to intoxication manslaughter. The trial court heard evidence on punishment. Following these case events, the trial court orally pronounced as follows: "I find that you're guilty of the offense of manslaughter." The trial court's subsequent written judgment of conviction reflects that Appellant was guilty of "intoxication manslaughter."

Appointed counsel deemed this issue frivolous because "it is clear the trial court intended to find Appellant guilty of intoxication manslaughter." However, considering the legal authority pertaining to conflicts between oral pronouncement of sentence and the trial court's written judgment, we consider the issue as warranting further development, irrespective of whether it ultimately prevails. *See Poteet v. State*, No. 07-24-00186-CR, 2024 Tex. App. LEXIS 8745, *2 n.2 (Tex. App.—Amarillo Dec. 17. 2024, order) ("We make no comment upon the ultimate viability of the issues mentioned but only conclude

they necessitate development.")  Consequently, we grant counsel's motion to withdraw, abate the proceeding, and remand the cause to the trial court.

CONCLUSION

Upon remand, the trial court shall, by written order, appoint new counsel to represent Appellant on appeal.  The name, address, email address, telephone number, and State Bar number of newly appointed counsel must be specified in the order.  The trial court will then cause its order to be filed in a supplemental clerk's record with the Clerk of this Court no later than Thursday, July 9, 2026.

Newly appointed counsel may request supplementation of the appellate record as needed.  Such supplementation, if any, must be requested by written motion filed with the Clerk of this Court before Thursday, July 23, 2026.  The deadline by which newly appointed counsel must file an appellant's brief or other brief addressing the aforementioned issue and any other arguable issues he or she encounters is Monday, August 10, 2026, unless otherwise extended.

IT IS SO ORDERED.

Per Curiam

Do not publish.